## Roberts v. Commonwealth.

(Decided December 9, 1924.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Evidence Obtained Under Federal Search Warrant Invalid Under Federal Law Inadmissible.—Evidence obtained by federal officers, acting under federal search warrant, is inadmissible, unless warrant is valid under federal law.

2. Criminal Law—Intoxicating Liquors—Evidence Obtained in Search Warrant Issued on Affidavit Not Stating Facts Required by Federal Prohibition Act Inadmissible.—Federal search warrant, issued on affidavit stating no facts tending to show use of dwelling for unlawful sale of intoxicating liquors or in part for business purpose, as required by National Prohibition Act, Tit. 2, section 25 (Comp. St. Ann. Sup. 1923, section 10138½m), held invalid, and evidence obtained by federal officers, acting thereunder, inadmissible.

FLOYD J. LASWELL for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, who was convicted of unlawfully manufacturing intoxicating liquor, asks a reversal on the ground that all the evidence was obtained by an illegal search of his premises, and on the further ground that the instructions were erroneous.

The search was made by two federal officers, accompanied by a state officer, under a search warrant issued by James R. Higdon, United States commissioner, and based on an affidavit, "That one John Roberts, has in his possession or under his control, an illicit still, for the purpose of manufacturing intoxicating liquors, and has intoxicating liquors in his possession at his residence and in his outbuildings located about three miles east of St. Lawrence, Daviess county, Kentucky, on the left-hand side of the Owensboro and Hardinsburg road, traveling east; said house being a six-room wood frame one story, with porch in front; said farm containing about 150 acres, more or less, of or occupied by John Roberts, and controlled by him, being the premises and being situated in the county of Daviess and state of Kentucky and within the district above named."

Evidence obtained by federal officers acting under a federal search warrant is not admissible unless the warrant is valid under the federal law. Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839. The National Prohibition Act, title 2, section 25, provides:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

In construing this section in United States v. Kelih, 272 Fed. Rep. 484, Judge Fitzhenry used the following language:

"The defendant in this case has resided in the premises in question for some time. There was nothing in the evidence to show that the premises were used as anything other than a private dwelling. In fact, the court finds that the premises in question were the private dwelling of defendant and his family. It is not claimed that defendant's private dwelling was being used for the illegal sale of intox-

icating liquor. Nor is it claimed that it was being used in part for any business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house. However, the contention is made that, because the evidence procured upon the unlawful search discloses a home-made still in operation, the premises ceased to be a private dwelling and became a distillery. It would be equally as sound to contend that if defendant had had a sausage mill in his kitchen, which his wife used occasionally, that would change the character of the dwelling to that of a packing house. If section 25, *supra,* had used the words 'unless it is being used for the unlawful sale OR MANUFACTURE of intoxicating liquor,' a different situation would arise; but the statute does not use the capitalized words, and limits the business purpose to such as a 'store, shop, saloon, restaurant, hotel, or boarding house.' And there is now, and was then, no evidence to support the contention that the premises were used in part for any of the specific excepted purposes set out in the statute. The court is of the opinion that the search warrant was void; that the search made under it was illegal and unlawful.''

In the more recent case of Singleton v. United States, 290 Fed. Rep. 130, Judge Rose, speaking for the circuit court of appeals, fourth district, said:

''Gosnell when he swore out the state search warrant did not suggest that the defendant's dwelling was being so used. The government says it was not necessary that he should have done so. The law of South Carolina permits the issue of warrant to search a private dwelling for forbidden liquor, although there is no evidence that any sales have been made from that house. Why, it is asked, could not Gosnell do what any other resident of the state could have done? Did the mere fact that he held a federal office put him under disability to exercise the right given by the state law to anybody? To these questions, the desired answers may be given, and yet, for all that, a federal officer cannot lawfully swear out a search warrant to search a private dwelling, when he has not the evidence of illicit sale without which the act of congress has expressly declared no private

residence may be searched, and, being inhibited from doing this under the federal statute, he cannot evade such statute by swearing out the same before a state official. This is precisely what he did in this case; that is to say, for the purpose of procuring evidence to be used in a federal prosecution, he sought by going before a state magistrate to escape the restrictions which congress had seen fit to impose upon those charged with the enforcement of the national prohibition act. This he could not lawfully do, and evidence so obtained is not admissible in a federal court.''

In the case at bar, the evidence was obtained by a search of appellant's private dwelling. The language of the affidavit is, ''That one John Roberts has in his possession, or under his control, an illicit still for the purpose of manufacturing intoxicating liquors, and has intoxicating liquors in his possession at his residence, and in his outbuildings, &c.'' The affidavit stated no facts nor circumstances tending to show that the dwelling was being used for the unlawful sale of intoxicating liquors, or that it was used in part for some business purpose, such as a store, shop, saloon, hotel, restaurant, or boarding house. Without such showing, the search was in the teeth of the statute, and therefore invalid. It follows that the evidence given by the federal officers was inadmissible.

As the constable did not act under a valid state warrant, and could not justify under an invalid federal warrant, it follows that his evidence was also inadmissible.

It results that the trial court should have excluded all the evidence offered by the Commonwealth, and have directed the jury to find appellant not guilty.

Judgment reversed and cause remanded for a new trial consistent with this opinion.