## Barnett v. Commonwealth, for Use, et al.

(Decided February 6, 1925.)

## Appeal from Daviess Circuit Court.

1. Criminal Law—Evidence Obtained by Unlawful Means by Private Citizens Held Admissible.—Evidence obtained by unlawful means, as by a trespass, is admissible, if trespasser is a private person and not an officer of the law charged with enforcement of the prohibition act.

2. Criminal Law—Evidence Obtained by Means of Valid Federal Search Warrant Admissible, though Warrant Does Not Comply with State Law.—Evidence obtained by means of a federal search warrant, valid as such under U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, section 10496¼f, is admissible, though warrant does not direct officer to arrest person or persons in charge of building searched or liquor found, under Acts 1922, c. 33, section 14.

3. Intoxicating Liquors—Federal Search Warrant Need Not be Read Before Commencement of Search.—Federal search warrant need not be read before commencement of search under U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp 1919, section 10496¼l.

4. Criminal Law—Jury's Finding as to Character of Liquor Conclusive, where it Had Sample Before it.—Where jury had sample of liquor before it, its finding as to character of liquor is conclusive.

ELMER L. BROWN and W. E. AUD for appellant.

O. L. FOWLER, City Prosecuting Attorney of Owensboro, for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On appeal to the circuit court from a judgment of conviction in the magistrate's court of the offense of unlawfully possessing intoxicating liquors, appellant was again convicted and now appeals to this court.

Outside of the evidence of a number of witnesses to the effect that the reputation of appellant as a bootlegger was bad, the only evidence produced against him was the testimony of C. L. Wedding. This witness claimed to have made a search of the soft drink stand where appellant worked under a federal search warrant, and in the course of such search discovered the liquor claimed to be intoxicating, a sample of which was produced and shown to the jury. Appellant insists that it was not shown that Wedding was a federal prohibition officer, having

the right to execute the search warrant. The evidence is vague on this point, but, if Wedding was not a federal prohibition officer with power to execute the search warrant, he was a private citizen and a plain trespasser. Though evidence is obtained by unlawful means, as by a trespass, the evidence is admissible if said trespasser be a private person and not an officer of the law charged with the enforcement of the prohibition act. Kendall v. Commonwealth, 202 Ky. 169, 259 S. W. 71. Hence on either horn of the dilemma confronting appellant, the evidence of what Wedding discovered on the premises as a result of the search was admissible.

It is next insisted that the search warrant in this case was void because it did not direct the officer to arrest the person or persons in charge of the building searched or liquor found, and section 14 of chapter 33 of the Acts of 1922 is cited. Appellant, however, fails to take into consideration that this was a federal search warrant. If a search be made under the authority of a federal search warrant, valid as such, the evidence obtained by such search is admissible. Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839. The federal law provides (Compiled Statutes, 1918, Comp. St. Ann. Supp. 1919, section 10496¼f), that the property for which search is to be made under the search warrant shall be seized and returned to the court issuing the warrant, but we do not find a requirement that such a search warrant shall direct the person found in charge of the property sought by the search warrant to be arrested. Therefore, there is no merit in this contention of appellant.

It is next complained that Wedding failed to execute the search warrant by reading it to the appellant before the search began. We do not find that the federal law requires this to be done. See Compiled Statutes, 1918, Comp. Ann. Supp. 1919, section 10496¼l.

It is next complained that the verdict is against the evidence. There was ample evidence on which the jury could base its finding. Whether the liquor was whiskey or cider was a disputed question of fact. The jury had a sample before it and we must accept its finding as conclusive. Wedding testified that appellant tried to tip over the liquor when he entered the soft drink stand, and if the jury believed this, it was warranted in believing that appellant was in possession of this liquor.

No error appearing prejudicial to the substantial rights of the appellant, the judgment of the conviction is affirmed.