NOVAK, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 20, 1924—February 10, 1925.*

*Intoxicating liquors: Search of licensed premises: Federal officers aiding state deputy prohibition commissioner: Unlawful searches by federal officers: Product of search: Admissibility in evidence.*

1. Under sub. (30), sec. 165.01, Stats., a state prohibition officer may search the premises of a licensee for the sale of soft drinks without a search warrant. p. 617.
2. A search of licensed premises, made pursuant to the directions and supervision of a deputy state prohibition commissioner, calls for manual inspection, and the officer making the search may summon others to aid him. The product of the search may be lawfully received in evidence even though it was actually discovered by a federal prohibition officer who was aiding in the search. p. 619.
[3. Whether a state court should receive in evidence the product of a search made by federal officers in violation of the Fourth amendment to the federal constitution, although the search was not made under pretense of the sovereign power of the state, not decided.] p. 619.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

The cause was submitted for the plaintiff in error on the brief of *A. W. Richter* of Milwaukee, and for the defendant in error on that of the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *John P. Donnelly,* assistant district attorney.

The following opinion was filed October 14, 1924:

OWEN, J. Plaintiff in error (hereinafter called defendant) operated a soft-drink parlor in the city of Milwaukee under license issued pursuant to the provisions of sec. 165.01, Stats. The place was visited by two state and two federal prohibition officers. Defendant was asked whether she had a still to make whisky. She replied that she had

not. She was then told that a search of the place would be made, and she replied, "All right, you can go across and look all over every place." While the two state officers were inspecting one part of the premises, one federal officer discovered a false panel over a door and found three bottles of liquor in the recess back of the panel. One of the state officers was immediately called, who saw the bottles in 'this hiding place. The bottles were taken by the state officer, labeled by him, and kept in possession of the state prohibition authorities until brought into court at the time of trial. The question presented is whether the bottles thus seized were properly received in evidence.

It is the contention of the defendant that the search and seizure was unlawful because made by a federal prohibition officer without a warrant. It is settled that a state prohibition officer may search the premises of a licensee for the sale of soft drinks without a search warrant, under the authority of sub. (30), sec. 165.01, Stats. *Finsky v. State,* 176 Wis. 481, 187 N. W. 201; *Silber v. Bloodgood,* 177 Wis. 608, 188 N. W. 84.

It is claimed, however, that the statutory provision referred to does not authorize federal prohibition officers to conduct a search and seizure; that because the liquor was discovered by the federal prohibition officer the search and seizure was unlawful, and the liquor seized should not be admitted in evidence, under the authority of *State v. Hoyer,* 180 Wis. 407, 193 N. W. 89, and *Jokosh v. State,* 181 Wis. 160, 193 N. W. 976.

We need not inquire whether the seizure was by the state or federal officers, as in neither event was the evidence inadmissible. If the seizure was by the state officers it was a legal seizure under the authorities already cited and the product of the search was admissible in evidence. If the seizure was by the federal officers, then the rule of *State v. Hoyer* and *Jokosh v. State* does not apply, as the rule there announced applies only to seizures made by officers of the

state in violation of constitutional rights. *State v. Warfield,* 184 Wis. 56, 198 N. W. 854. Where the seizure is not made by officers of the state whose duty it is to protect the individual in his constitutional right of immunity from unlaw-lawful searches and seizures, the product of the search is admissible in evidence. *Burdeau v. McDowell,* 256 U. S. 465, 41 Sup. Ct. 574.

*By the Court.*—Judgment and sentence affirmed.

The following opinion was filed February 10, 1925:

OWEN, J. (*on rehearing*). It is held in the original opinion that if the seizure was made by federal prohibition officers its product was admissible in evidence, because the seizure was not made by officers of the state whose duty it is to protect the individual in his constitutional right of im-munity from unlawful searches and seizures. This state-ment was based on the case of *Burdeau v. McDowell,* 256 U. S. 465, 41 Sup. Ct. 574, where it was held that the product of a search made by one who was not an officer of the government was admissible in evidence in a prosecution against the one whose property was thus seized. It is there pointed out that the constitutional amendment prohibiting unlawful searches and seizures relates to searches and seizures attributable to governmental action; "that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies."

Upon further reflection, induced by the motion for re-hearing herein, we are constrained to withdraw what is said in the opinion concerning the admissibility of the evi-dence in this case if it was the product of a search on the part of the federal officers. Conceding the doctrine of *Bur-deau v. McDowell, supra,* it does not quite reach the question here presented. The federal prohibition officers are not mere private citizens. While they are not officers of the

state, they are officers of the federal government and are prohibited from making unlawful searches and seizures by the Fourth amendment of the federal constitution. Whether a state court should receive in evidence the product of a search made in violation of the provisions of the federal constitution, although not made under pretense of the sovereign power of the state, is a question which we think merits more consideration than we have been able to give to it. What is said in the opinion upon that subject is therefore withdrawn and the question may be considered as an open one in this court.

We are clear that the conviction should be affirmed, nevertheless. The search was a lawful one if made pursuant to the directions and supervision of a duly appointed deputy state prohibition commissioner. A search calls for manual inspection, and it is not the law that an officer authorized to make a search by search warrant or other authority must personally inspect every nook and corner of the place to be searched. He may summon to his assistance others to aid him, and such others are protected by his authority so long as he supervises and directs the search. From time immemorial sheriffs have had the power to summon the *posse comitatus* to aid them in making arrests and executing writs and process. The statute specifically provides that "The commissioner and his deputies shall have the same power to make arrests and serve process under the provisions of this chapter as sheriffs and shall receive the same fees." Sub. (2) (h), sec. 165.01, Stats. While in making a search under authority conferred upon them by the provisions of sec. 165.01 without a warrant they are neither making an arrest nor serving process and, therefore, do not come within the letter of the statute just quoted, they nevertheless come within its spirit, and we hold that a deputy state prohibition commissioner may avail himself of the assistance of others in making a search under the authority of ch. 165 of the Statutes, and that if the search is made under his direction

and supervision, the product of that search may lawfully be received in evidence even though it was actually discovered by the aide and not by the officer.

*By the Court.*—The motion for rehearing is denied, without costs.