STATE *vs.* AQUILLA BUSHEY

Kennebec.    Opinion September 9, 1927.

*Destruction of liquor to prevent its seizure is evidence of guilty intent.*
*An allegation of the quantity of liquor kept with illegal intent is not necessary in a complaint.*

The evidence in this case was sufficient to justify the verdict of guilty.

On exceptions.  After conviction of keeping and depositing liquor intended for illegal sale, respondent excepted to a denial to direct a verdict of not guilty, and excepted to a denial of a motion in arrest of

judgment, and also excepted to a portion of the charge.     Exceptions overruled.     Judgment for the State.

The case appears in the opinion.

*Frank E. Southard, County Attorney*, for the State.

*F. Harold Dubord*, for respondent.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

DEASY, J.     The respondent was convicted of keeping and depositing intoxicating liquor intended for illegal sale.     Laws of 1923 Chap. 167, Sec. 2.     He seasonably filed and here presents three exceptions. One is to the refusal of the presiding justice to direct his acquittal.

Evidence was introduced which the jury were justified in believing, and apparently did believe, tending to prove that on Oct. 9, 1926 officers armed with a warrant, searched the defendant's lunch room in Waterville.     They saw on a shelf two glasses "half full of something." When the officers entered, the respondent evidently for the purpose of preventing seizure, "grabbed" the glasses and threw them into a sink containing water.     The officers retrieved the glasses.     Both smelled strongly of alcohol and one contained a very small quantity of the same.     In the lunch room at the time were one drunken man and several others with alcoholic breaths.

Destruction of liquor to prevent its seizure may properly be regarded by a jury as tantamount to a confession.     This is true by force of the statute or independently of it.     Such destruction supplies evidence of guilty intent which may be lacking when mere possession is shown.

The respondent also excepts to part of the charge, viz:  "if *intoxicating* liquor is found or is about to be found and it is destroyed by the person having it in his possession, to prevent its seizure, that that may be considered as evidence that it was intended for illegal sale and was intoxicating."     Exception is taken to the word "intoxicating" printed above in italics.

Precision would require the omission of this qualifying word.     With its use the statement of law was a trifle too favorable to the respondent. He is not aggrieved.

The respondent further excepts to the overruling of his motion in arrest of judgment. The alleged grounds of such motion are, (a) No allegation in the complaint of the quantity of liquor kept with unlawful intent. Such allegation was not necessary. *Commonwealth vs. Conant* 6 Gray 482. (b) No return on search warrant. If a fact this would not be material in the present case. Moreover the record shows that such return was made.

*Exceptions overruled.*
*Judgment for the State.*