THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARTA SIERRA CABRERA, Defendant and Appellant.

No. 15858. Argued March 1, 1955.—Decided March 16, 1955.

*Luis A. Noriega* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Marta Sierra Cabrera was charged in the Superior Court of Puerto Rico, Ponce Part, with a violation of Act No. 220 of 1948 (*Bolita* Act), consisting in that she had in her possession, in her residence, "132 fifth-parts of *bolita* of the *banca* known as 'El Pueblo,' and two lists of three-digit

numbers on white ruled paper . . . in addition to 96 stub books corresponding to *bolita* tickets already sold or in some way detached therefrom, knowing that those paper lists containing numbers and the tickets and stub books would be used and were being used in connection with the unlawful game of *bolita* or *bolipool* and in connection and in clandestine combination with the Lottery of Santo Domingo, D. R."

After a trial, the defendant was found guilty and sentenced to six months in jail. Feeling aggrieved, she appealed and, in her brief, charges the trial court with the commission of the following

"SINGLE ERROR:

"The Superior Court of Puerto Rico, Ponce Part, committed manifest error in denying the motion filed by the attorney for defendant-appellant on the nonadmission of the evidence obtained by means of the search warrant, alleging that such search warrant was not read to her, who could not read, before her house was searched."

This error is based on the following incident. When the prosecuting attorney was about to close his case, he offered in evidence *bolita* material seized in defendant's residence. The latter objected to its admission alleging that since she could not read, the agents who executed the search warrant were bound to read it to her but failed to do so. The evidence was admitted by the court and the defendant took exception.

It is obvious that the objection made by the defendant to the admission of the evidence was an attack on the validity of the search of her residence. Irrespective of whether such objection was untimely raised,[1] as alleged by the *Fiscal* of this Court, the error assigned was not committed.

The search warrant was not read to appellant by the peace officers, but police sergeant Juan A. Pérez testified that "there were two young girls, already ladies, who

---

[1] *Cf. People* v. *Capriles,* 58 P.R.R. 551; *People* v. *Figueroa,* 59 P.R.R. 910, and *People* v. *Nieves,* 67 P.R.R. 283.

claimed that they were the daughters of the lady [he referred to the defendant] and they held the order in their hands." The defendant herself admitted on the witness stand that "they handed me the paper when I came out of the room . . ." On the other hand, the conversation between sergeant Pérez and defendant at the time of making the search discloses that she was advised of the purpose of the visit of the officers who executed the search warrant.

In *People* v. *Albizu*, 77 P.R.R. 851, we said that, unless the statute so provides, an officer charged with the execution of a lawful warrant is not obliged to exhibit the warrant as a prerequisite to his right to execute it, and, even under statutes which demand said requirement, the latter has been regarded directory rather than mandatory.

This being so, there is less reason to hold that a search is void because the warrant was not read to the person against whom it was directed. Our statute does not require that the search warrant be read, and noncompliance therewith does not void the search carried out. See *Barnett* v. *Commonwealth*, 268 S. W. 1084.

The search of defendant's residence being legal, the *bolita* material seized there was admissible in evidence.

The judgment appealed from will be affirmed.