## English v. Commonwealth.

(Decided May 22, 1923.)

### Appeal from McCracken Circuit Court.

1. Intoxicating Liquors—Evidence Held to Take Issue of Unlawful Possession to Jury.—Evidence that officers who were lawfully in defendant's soft drink store saw several glasses, one of which defendant broke in the sink, and which smelled of whiskey, and at the bottom of the chute leading to the basement found some broken glass which smelled of whiskey, together with evidence of defendant's bad reputation as a bootlegger, held sufficient to take to the jury the issue of defendant's guilt of unlawful possession.

2. Criminal Law—Lack of Knowledge of Affiant of Facts in His Affidavit Cannot be Raised on Objection to Evidence Procured by Search Warrant.—Where the search warrant under which evi

dence was obtained by the officers was valid on its face, and the affidavit on which it was issued was sufficient on its face, the question of affiant's lack of knowledge of the facts stated in the affidavit cannot be raised on objection to the evidence procured by the search.

CROSSLAND & CROSSLAND for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Appellant was convicted of the offense of unlawfully having intoxicating liquors in his possession. On this appeal he insists that he was entitled to a peremptory instruction to find him not guilty. It is disclosed by the evidence that he conducted a soft drink establishment in the city of Paducah. One afternoon a deputy sheriff entered this building on legal business, and as he went in saw a person take a bottle from the counter, conceal it in his pocket and walk to the rear of the store.

Subsequently a warrant was obtained to search the premises and acting under it the officers returned, two of them going into the store and one or two to the basement. As they entered they saw several parties in front of the counter, upon which were a number of glasses. Appellant, who was in the rear of the counter, picked up one of these and broke it in the sink. One of the deputies sprang over the counter and asked appellant what it was, and he replied, "Find out if you can." However they discovered nothing but broken glass and a strong odor of whiskey. They further discovered a chute running to the basement, and upon opening the bottom of it broken glass was found and also a strong odor of whiskey emanated therefrom.

It is further shown that defendant's reputation as a bootlegger was bad. It will thus be seen that there were some facts and circumstances in proof from which the jury might infer the unlawful possession of intoxicating liquors, and this taken in connection with defendant's reputation was sufficient evidence to submit that issue to the jury. Commonwealth v. Ackerman, 198 Ky. 614; Feree v. Commonwealth, 193 Ky. 347; Owen v. Commonwealth, 181 Ky. 257.

A question is raised as to the validity of the search warrant. It is admitted that this is valid on its face and the sufficiency of the affidavit upon which it was based is not challenged, but as we understand the criticism goes to the alleged lack of knowledge of the officers making this affidavit. While in some courts inquiries of this character have been permitted, the practice is not sanctioned in this court. Where the affidavit is sufficient on its face, and is acted upon by the judicial officer before whom it is filed and an apparently regular warrant issued thereon, the evidence obtained under the warrant is admissible and the trial court will not stop to inquire as to the source of affiant's information. Walters v. Commonwealth, 199 Ky. 182; Bowen v. Commonwealth, 199 Ky. 400.

Judgment affirmed.