VIRGIL E. ARNOLD v. THE STATE.

No. 8309.    Decided March 12, 1924.

Embezzlement—Agreement Between Counsel—Continuance.

Where it appeared from the record on appeal from a conviction of embezzlement that an agreement had been reached between State's counsel and defendant's counsel to the effect that the case would not be set for trial and probably not be tried at all, for the reason that there was an absence of criminal intent, and counsel for appellant had thus refrained from causing the issuance of process for his witnesses, the application for continuance should have been granted.

Appeal from the County Court at Law of Harris. Tried below before the Honorable Murray B. Jones.

Appeal from a conviction of embezzlement; penalty, ten days confinement in the county jail.

The opinion states the case.

*W. L. Hill* and *Pollard Berry & Moore,* for appellant.

*Tom, Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney and *John W. Berry,* Assistant District Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is embezzlement; punishment fixed at confinement in the county jail for a period of ten days.

The indictment was filed June 26, 1923; the trial took place on August 9th. A motion for continuance was made to procure material testimony of witnesses who were out of the county. The witnesses had not been subpoenaed for the reason that in consultation with the assistant district attorney, who had the case in charge, an agreement had been reached with appellant's attorney to the effect that the case would not be set for trial and probably not be tried at all for the reason that there was an absence of criminal intent, the transaction being one which should be settled in a civil suit. Relying upon this agreement, about the making of which there is no controversy, the appellant refrained from causing the issuance of subpoenas for the witness mentioned in the application for a continuance. The State's attorney concedes that the application should have been granted and appends to his brief a letter from the assistant criminal district attorney of Harris County to the same effect.

From our examination of the record, we concur in the view mentioned and order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*