### John Ware v. The State.

No. 11334.   Delivered March 7, 1928.

Rehearing denied May 2, 1928.

Second rehearing denied June 20, 1928.

The opinion states the case.

*Joe S. Gambill* and *Robt. H. Hopkins* of Denton, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Four bills of exception are in the record. Nos. 1 and 2 set forth alleged errors in admitting testimony of the officers to the finding in appellant's barn of certain whisky, two barrels of mash and a stove. This testimony was objected to because of supposed defects in the affidavit for search warrant, it being averred that the premises were not sufficiently described, and also that the affidavit contained no statement of the facts upon which the makers based their belief that the law was being violated on the premises desired to be searched. But for the fact that appellant himself took the witness stand and affirmed that the officers did find the whisky, the mash and the stove referred to,—we would discuss the alleged errors set forth in said bills of exception, but the record clearly demonstrating that the testimony thus obtained by the officers and by them put before the jury, was given to the jury without objection from another source than that of said officers,—we would hold said bills to bring before us

nothing capable of injury to the appellant and that hence said bills of exception present no reversible error. McLaughlin v. State, No. 11286, opinion handed down February 15, 1928, and not yet published.

Bill of exceptions No. 3 presents no error. It sets up the refusal of a peremptory instruction for acquittal based on the reception of the evidence of the officers above discussed. Bill of exceptions No. 4 was to the refusal of a new trial. In the motion no errors are set up other than those presented in the three bills of exception above mentioned. The evidence of the finding of the quantity of intoxicating liquor in the possession of appellant was sufficient to justify his conviction for the offense charged. He made a defense based on the proposition that the liquor in question was the property of a negro who had used and occupied his barn. This presented a jury question, which they have solved against him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing proceeds on the theory that our former opinion in effect held that the search warrant under which the officers acted was predicated on an insufficient affidavit; that if the evidence of the officers be discarded the testimony given by appellant was not sufficient to make out a case against him, and that the principle announced in the recent cases of Kelsey v. State, (No. 11188, date of opinion March 21, 1928) and King v. State, (No. 11193, date of opinion March 28, 1928) should be controlling here. In our original opinion we did not consider whether the affidavit for the search warrant was sufficient but based the disposition of the case on the sole proposition that appellant's own evidence made out the case against him. Our conclusion in that regard may be debatable as pointed out in appellant's motion. The evidence of the officers does unquestionably show such a state of facts as authorized the verdict. Whether such evidence was properly admitted depends upon the sufficiency of the affidavit for the search warrant. It is no longer an open question with this court that an affidavit which on its face discloses that it was made upon "information and belief" is not sufficient unless the facts or information upon which the belief is based be set out in the affidavit in order that the magistrate may for himself be the judge whether "probable cause" exists for the warrant to issue. Chapin v. State, 107 Tex. Cr. R.

477, 296 S. W. 1095. For collation of other cases following Chapin see Sutton v. State, 300 S. W. 639.)

The affidavit in the present case—deleting portions not thought to be pertinent—reads as follows:

"The State of Texas, County of Denton: We do solemnly swear that there is situated in said county and state a certain room, house, building * * * described as follows: to-wit: the private residence, buildings and premises occupied by John Ware, same being situated about five miles northeast of Aubrey, Texas, and about two miles northwest of the Spring Hill School house. The said room, house, building, * * * place John Ware has charge thereof. That in said room, house, building * * * place is kept, sold * * * in violation of law intoxicating liquor of the following description, to-wit: whiskey and other intoxicating liquors, better description of same being to affiants unknown. * * * And that the owner of said intoxicating liquors is John Ware, and we do further solemnly swear that the said John Ware on or about the 22d day of December, A. D. 1926, in said county and state, did keep and was interested in keeping said above described premises, building, room * * * place to be used for the purpose of storing * * * selling * * * intoxicating liquor in violation of law. Wherefore we ask that a warrant to search the above described place and seize said intoxicating liquor * * * be forthwith issued, etc."

The affidavit is signed by two affiants and sworn to before the county judge who issued the warrant.

The premises and property to be searched appear to have been sufficiently described.

It will be observed that the affidavit does not on its face disclose that the averments therein are based "upon information and belief." Affiants state in positive-.terms that appellant kept and sold in the discribed premises intoxicating liquor in violation of the law. Where the ultimate fact is stated as a fact, and not merely as upon "information and belief" it has been held sufficient to justify the magistrate in his conclusion that "probable cause" existed for issuing the warrant provided those things stated as facts would, if true, furnish such "probable cause." Neal v. Commonwealth, 203 Ky. 353, 262 S. W. 287; Mattingly v. Commonwealth, 197 Ky. 583, 247 S. W. 939; Caudill v. Commonwealth, 198 Ky. 695, 249 S. W. 1005; Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839; Moore v. Commonwealth, 200 Ky. 419, 255 S. W. 77; State v. Shaffer (Wash.) 207 Pac. 229; State v. Smith (Okla.) 235 Pac.

273. The reason for such holding appears to be very clearly and convincingly stated by the Kentucky court in Neal's case (supra) in the following language:

"There is a manifest and material difference in the statement by an affiant that he believes there is whisky in a described place and his statement he knows there is whisky there. In the one instance he avoids and in the other he assumes responsibility for the truth of his averment, and it is this difference that marks the dividing line between the cases. In the first case the affidavit does not furnish the magistrate any basis whatever for determining if probable cause exists. Nor does it afford the accused the basis for action against his accuser for redress if probable cause does not exist. But, if the affiant swears that facts constituting probable cause exist, or that he knows they exist, the magistrate has reasonable grounds for believing same to exist or not dependent upon whether or not in his judgment the affiant is worthy of belief. And the accused may proceed against his accuser for damages resultant from such an accusation, if false."

We quote from Veeder v. U. S., 252 Fed. 414, 164 C. C. A., 338:

"The inviolability of the accused's home is to be determined by the facts, not by rumor, suspicion, or guesswork. If the facts afford the legal basis for the search warrant, the accused must take the consequences. But equally there must be consequences for the accuser to face. If the sworn accusation is based on fiction, the accuser must take the chance of punishment; for perjury. Hence the necessity of a sworn statement of facts, because one cannot be convicted of perjury for having a belief, though the belief be utterly unfounded in fact and law."

We therefore hold that the affidavit being positive in its terms was a sufficient basis for the issuance of the warrant, and the search thereunder was legal and the evidence obtained thereby was properly admitted upon the trial.

Appellant presents another proposition. He developed on examination of one of the affiants that while he had sworn in the affidavit to an unequivocal existence of certain things as facts that in truth his affidavit was based upon information and rumors relative to the matter. Upon this being ascertained appellant objected to the witness testifying to the discoveries made by virtue of the search. In other words appellant sought upon the trial to go behind the affidavit, and although the affidavit was sufficient upon its face to show "probable cause" and justify the magistrate in issuing the warrant

appellant contends that if in truth the affiants were not in possession of facts or information which amounted to "probable cause" evidence obtained under the search warrant should be excluded although the magistrate acted properly in issuing the warrant upon a valid affidavit. In Rozner v. State (Tex. Cr. App.) 3 S. W. (2d) 441, will be found an announcement at variance with appellant's contention, but the question was not discussed at length. From the statement found in Cornelius on Search & Seizure, Sec. 94, pp. 295, 296, it appears that it is only where the issuing magistrate fails to draw the necessary legal conclusions from the facts stated in the affidavit that his action in issuing the warrant may be reviewed. (See authorities collated under said Sec. 94.) We quote from Corpus Juris, Vol. 33, p. 676:

"Where an affidavit, upon which a warrant was issued, contains positive averments of facts justifying the issuance of the warrant, its validity is not affected by proof aliunde that the facts therein positively stated were in reality stated upon information and belief."

The point is decided against appellant's contention in Bowen v. Commonwealth, 199 Ky. 400, 251 S. W. 625, in the following language:

"Whatever criticism might be·made of an affiant who states in an affidavit as a positive fact that of which he only has information, it must be admitted that the search warrant issued upon such an affidavit is a valid search warrant and is ample protection, not only to the officer who issues it, but to the officer who may execute it. And it must likewise be admitted that, as the search warrant was valid on its face and issued upon an affidavit sufficient on its face, the evidence procured by the execution of such a valid search warrant cannot be said to be incompetent because of a subsequent attack upon the truth of the affidavit upon which it was based. At the time it was executed the paper itself and the supporting affidavit were perfectly regular, and purported to give to the officer executing it authority to make the search of appellant's premises, and the evidence thus procured may be used against him, although the affidavit states on its face as a fact that of which the affiant only had information. Any other rule would encourage unauthorized attacks upon the correctness or truth of statements contained in such affidavits, and would bring about interminable confusion and disorder in determining the competency of evidence procured under search warrants valid upon their faces. Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839."

To the same effect is English v. Commonwealth, 200 Ky. 103, 252 S. W. 121. In State v. Shaffer (Wash.) 207 Pac. 229, it is said:

"Some question is made with reference to the regularity of the search warrant, but there is no merit in the appellant's position in this. The warrant was issued upon the affidavit of the sheriff which states, as the appellant says in his brief in positive terms, that intoxicating liquor was being bought, sold, manufactured, and given away at the home of the appellant. Upon the trial on cross examination the sheriff testified that he did not know positively that there was any liquor in the house, but that does not militate against the regularity or validity of the warrant."

See also People v. Czckay, 218 Mich. 660, 188 N. W. 376. To our minds any other rule would not only bring about confusion and disorder in determining the competency of evidence procured under search warrants valid upon their face and predicated upon affidavits from which the magistrate could determine that "probable cause" was shown, but in many cases the issue of defendant's guilt or innocence would be lost sight of in an inquiry whether affiants had committed perjury in making the affidavit upon which the search warrant was based, although upon its face the affidavit was sufficient and perfectly regular. In such case it seems that orderly trials must postpone investigation of affiants' good faith to another time and tribunal. See Bird v. State (No. 11553, this day decided).

Appellant's motion for rehearing is overruled.

*Overruled.*

### ON SECOND MOTION FOR REHEARING.

MORROW, Presiding Judge.—For the reason that the sufficiency of the affidavit upon which the search warrant was issued was not made a subject of discussion until the motion for rehearing was acted upon, the appellant was permitted to file a second motion for rehearing, which has been carefully read and considered. The conclusions stated in the opinion on motion for rehearing, namely, that an affidavit made by a person whom the magistrate regards as credible and in which affidavit it is stated in positive terms that in the place described in the affidavit whisky and other intoxicating liquors are kept and sold in violation of the law and that upon the presentation and consideration of such affidavit the magistrate issues a search warrant, the same is based upon probable cause as that term is defined in the Constitution and laws of this state and of the

United States. As stated in the opinion on motion for rehearing if the affidavit states merely the belief of the affiants that such liquors are kept and sold, then the probable cause is not shown unless the affiants, in the affidavit, make a further statement showing the facts upon which the belief is founded. The affidavit in the present instance does not state a belief, nor does it purport upon its face to state a conclusion but a fact which, if true, gives authority for issuing the warrant, and which, if untrue, renders the affiants amenable to prosecution for making a false oath and also renders them liable for civil damages. An inquiry into the truth or falsity of the affidavit would be collateral and inadmissible in the present trial. These conclusions are supported by the reason and authority reflected in the opinion of Judge Hawkins in overruling the motion for rehearing in this appeal.

The second motion for rehearing is overruled.

*Overruled.*