KATHERINE CORDONA V. THE STATE.

No. 13168.   Delivered April 2, 1930.
Motion denied October 15, 1930.
Reported in 31 S. W. (2d) 452.

The opinion states the case.

*Heidingsfelder & Kahn* and *C. E. Smith,* all of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, of Houston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Officers testified that passing the residence of appellant a strong odor of whiskey mash was detected.   Obtaining a search warrant, such residence was entered and therein was discovered a still, eight or ten barrels of whiskey mash, thirty or thirty-five gallons of whiskey, one hundred pounds of sugar, a coil and a funnel.   "The still was there and was hot."   Objection was made to this testimony given by the searching officer for the reason that the affidavit upon which the search warrant was issued was invalid.   The bill presenting the matter is not entirely clear.   Mr. Rice, one of the searching officers, offered to testify that he did not swear that any liquor had been sold there.   "We based our affidavit upon smell and information.   I never claimed that they sold any.   From what I smelled I concluded it to be manufactured."   The Court held

the affidavit for search warrant was not traversible and refused to permit Rice to testify "that at the time he made the affidavit for search warrant he could not swear that liquor was sold there, and the only evidence he had about manufacturing was smell and information, and that on applying for search warrant he based his affidavit on smell and information." This witness further offered to testify that the magistrate only read over to him the last part of said affidavit beginning with the words that he had "on or about the 4–20–A.D. 1929," etc. The affidavit is as follows:

"State of Texas

"County of Harris

BEFORE ME, the undersigned authority, on this day personally appeared J. M. Goodwin and O. C. Rice, who being severally sworn, upon their oaths, say that: A certain private dwelling located in Harris County, Texas, described at 904 Fugate St. in Houston, Harris County, Texas (Give street name and number and name of town if possible, or accurate description and location of premises.) and being the premises of one *Martarana* is a place where intoxicating liquors are unlawfully sold and manufactured; that on or about the day of 4/20/A. D. 1929, we smelled a strong odor of whisky mash (Here state facts showing unlawful sale or manufacture or both.) at the above address, we had reliable information there was a still in operation at this place.

> "J. M. Goodwin, Affiant.
> "O. C. Rice, Affiant.

"Subscribed and sworn to by J. M. Goodwin and O. C. Rice before me this 20th day of April, A. D. 1929.

> "J. M. Ray, Justice of the Peace,
> "Precinct No. 1, Harris County, Texas."

Fairly interpreted we think appellant's bill of exception No. 1 presents the question that since affiant Rice did not swear to that part of the affidavit for search warrant which charged the sale of liquor in a private residence but did swear to the manufacture of same by appellant, and this being only upon information and belief and not being known as a fact by affiant, the search warrant was invalid and said testimony inadmissible. Under the express terms of Art. 691, P. C., a search warrant may issue in such cases as the instant one when it is alleged that intoxicating liquor is either sold *or manufactured*. Giving full effect to appellant's contention, the affidavit is sufficient as a basis for a search warrant if it alleged the residence to be a place where intoxicating liquor was manufactured,

regardless of the omission to state or the affiant to swear that it was sold at such place. An affidavit which contains positive averments cannot have its validity affected by proof aliunde that facts therein positively averred were in fact stated upon information and belief. 33 C. J., P. 676; Ware v. State, 7 S. W. (2nd) 551. This was the practical effect of appellant's effort in this case. Nor do we think an affiant can impeach the validity of such instrument by giving testimony as he attempted to do here to the effect that the officer administering the oath did his duty imperfectly by failing to read over the entire instrument to him. Particularly, since there is no averment in the bill showing that affiant himself had not read same or that he did not know its contents when he signed and swore to it. Moreover, if the allegation as to manufacture of intoxicating liquor in the said affidavit had been stated on information and belief, which appellant now claims was its practical effect, the affidavit shown here would still be sufficient, since the facts on which such belief was based are set out and are deemed sufficient to show probable cause. It appears therefrom that affiants had smelled a strong odor of whiskey mash at this place and had reliable information that there was a still in operation there. Cornelius on Search and Seizure, Paragraph 91; Ware v. State, 7 S. W. (2nd) 551, and authorities there cited. So if the magistrate had inserted therein precisely what it is now contended he should have done to make it speak the truth, the result of the search would have still been admissible against appellant.

Believing such testimony admissible and no error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The opinion is expressed that the proper result was reached upon the original hearing. A further discussion is deemed unnecessary.

The motion is overruled.

*Overruled.*