SON PIPER v. THE STATE.

No. 13723. Delivered November 19, 1930.
Rehearing by State denied January 7, 1931.
Reported in 34 S. W. (2d) 283.

The opinion states the case.

*Bartlett & Peterson* of Marlin, for appellant.

*Hollis M. Kinard,* County Attorney, of Orange and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; penalty, confinement in the penitentiary for one year.

A search of the appellant's house and premises revealed the presence of three half-gallon jars of whisky. Concerning the possession of the whisky the appellant testified as follows:

"I used it for my wife and myself. It was close to Christmas and she was almost compelled to have a little liquor. The doctor had told her to take it occasionally. * * * I did not have it there to sell to anybody."

He also testified from whom he bought the whisky. His confession was introduced in evidence, which merely stated that he "had about one quart of whisky in the wood-pile when they (the officers) got there."

Appellant sought to impeach the affidavit for the search warrant by oral testimony going to show that the affidavit did not speak the truth. The court properly rejected such testimony. See Cornelius on Search and Seizure, 2nd Ed., p. 428, secs. 170–171, and cases cited; also Ware v. State, 110 Tex. Cr. R. 90; Ruhmann v. State, 22 S. W. (2d) 1069; Bird v. State, 7 S. W. (2d) 953; Ross v. State, 11 S. W. (2d) 517; Cordona v. State, 31 S. W. (2d) 452, and cases cited.

In its charge the court instructed the jury to acquit if the liquor was possessed for medicinal purposes or if the jury had a reasonable doubt upon that subject. By special charges prepared and presented the appellant sought to have the jury instructed to acquit if they believed that he possessed the liquor for beverage purposes for himself or his family and not for the purpose of sale. We think it was the right of the appellant to have one of the special charges last above mentioned given to the jury. To convict, it is necessary that the proof show that the liquor was possessed for the purpose of sale. The court, in its charge, limited the right to possess it to medicinal purposes. See Petit v. State, 90 Tex. Cr. R. 336, and other cases listed in Vernon's Ann. Tex. P. C., Vol. 1, p. 435, note 7.

Because of the error in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.

ON· MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Sec. 20, Art. 16 of our State Constitution nowhere forbids the possession of intoxicating liquor for beverage purposes. What is commonly called the Dean Law, found in the Acts of the First Called Session of the 36th Legislature, Chap. 78, forbade the possession of such liquor save for medicinal, mechanical, scientific and sacramental purposes, being the exemptions provided by the Constitution above referred to. By the terms of Chap. 61, General Laws of the First Called Session of the 37th Legislature, the Dean Law was so amended as to penalize possession of such liquor only when had for purposes of sale. Later said law was again amended so as that proof of possession of more than one quart of such liquor created a prima facie presumption of guilt against the possessor. This prima facie presumption may, in any given case, be overcome by proof that such possession be for

some purpose other than sale. Proof of possession of more than a quart of such liquor does not obviate the necessity in such case of yielding to the command of our statute in all criminal cases,— which requires that the jury be told in the charge that before they can convict they must believe the accused guilty beyond a reasonable doubt. Nor does the law relative to such prima facie presumption affect the right of the accused in any given case where he presents affirmative defensive testimony that such liquor was had for a purpose other than for sale,—to have the trial court give to the jury an affirmative presentation of his defensive theory, applying therewith the doctrine of reasonable doubt. In the case before us appellant took the stand and swore that he had the whisky found by the officers in his place, for the use of himself and his wife, and that he did not have it for sale. If the jury believed this to be true, or if such testimony raised in their minds a reasonable doubt of his having said liquor for the purpose of sale, the jury should have acquitted. The special charge asked and refused sought to have this theory presented to the jury. It should have been given.

The State's motion for rehearing is overruled.

*Overruled.*