BOARD OF EQUALIZATION OF CITY OF FORT WORTH et al. v. McDONALD.

No. 13724.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 26, 1937.

Rehearing Denied Feb. 11, 1938.

R. E. Rouer, Geo. C. Kemble, and R. B. Young, Jr., all of Fort Worth, for appellants.

Houtchens & Houtchens, J. Harold Craik, and Ardell M. Young, all of Fort Worth, for appellee.

BROWN, Justice.

The Board of Equalization of the City of Fort Worth, Tex. (a home rule city), being vested with the authority to determine and fix the values on all properties in such city, for the purpose of taxation, at the proper time found and fixed the values on the properties of appellee, W. M. McDonald.

The charter of said city, which was adopted by a vote of the citizens of Fort Worth, provides, with respect to the powers and duties of the Board of Equalization, the finality of its findings and rulings, and the right and method of appeal therefrom to the district court of Tarrant county, as follows:

Section 30 provides that any person aggrieved by reason of any act of the assessor and collector of taxes in making up assessments, or in valuation of property for taxing purposes, shall be entitled to make complaint to the Board of Equalization and appeal to said board for revision and correction of the matter on which the complaint is based; and provides for the manner of such hearing.

Section 32 provides as follows: "The action of the Board of Equalization shall be final in all cases, unless appeal is taken therefrom to the District Court of Tarrant County, Texas, which may be done by any person, or the agent or attorney, aggrieved by the action of the Board, by giving notice in writing to the said Board of such appeal and the grounds thereof, within ten days after the final approval of the assessment rolls by the said Board, and giving bond payable to the City, to be approved by the City Secretary, in the sum of Fifty ($50.00) Dollars, conditioned that the applicant will pay all costs of such appeal if the action of the Board of Equalization should be sustained by the Court, or if the valuation of the property of such appellant should be raised over the amount at which it stands assessed. A copy of such bond and such notice of appeal and a description made by the Assessor and Collector of Taxes of the property of appellant involved therein, shall be filed in said District Court by the City Secretary on the application of the party aggrieved, and the case shall be docketed upon the civil dockets thereof in the name of the appellant as plaintiff against the Board of Equalization of Fort Worth, defendant, and all such appeals shall be presented to the first term of the District Court after the notice of the appeal is taken and shall take precedence for trial of all civil cases in said court, and the decision of the District Court in such matters shall be final; provided, however, that if such appeal has not been finally adjudicated by the 31st day of December of the current year, it shall be the duty of the appellant to pay all of said taxes assessed by the said Board of Equalization against him, and in case he fails to pay said taxes by said time said appeal shall be dismissed and the action of the Board of Equalization held to be final. But in the event appellant pays all taxes assessed against him by the Board of Equalization on or before December 31st of such current year, then, and in that event, if the Court shall, on final adjudication, place a valuation upon appellants property lower than the valuation placed by said Board of Equalization, the amount of taxes paid on the valuation which is found to be in excess of the valuation fixed by said Court, shall be refunded to him by warrant drawn by order of the City Council, and the said District Court shall compel the issuance and payment of such warrant. The list of property and value thereof as settled by the Board of Equalization, or a copy of so much thereof as may be pertinent to the question at issue, may be produced in Court to be used in evidence on such trial."

Appellee, being dissatisfied with the values placed on his properties by the assessor, made his complaint before the board, and, after its ruling and findings were made, appealed therefrom to the district court of Tarrant county, where the case was tried and judgment rendered fixing the values on appellee's properties far below those fixed by the board.

The board and the city have appealed from this judgment to this court, and we are confronted with a motion on the part of appellee to dismiss the appeal because the city charter expressly makes the judgment of the district court final.

The charter is the organic law of the city of Fort Worth. It stands in the same relationship to the city that the Constitution of Texas does to the state. The only

limitation that is placed upon the citizens of such city, with respect to the right to ·make and adopt provisions in such a charter as seem best to them, is that no provision shall violate the provisions of the Constitution of Texas, or its statute laws.

Thus it will be seen that, unless the provision which makes judgments, such as is the one before us, final, when rendered by a district court, is violative of the provisions of the Constitution, or statute laws of Texas, the motion to dismiss this appeal is well taken.

Section 5 of article 11 of the Constitution of Texas is the Home Rule Amendment and it expressly gives to cities having more than 5,000 inhabitants the right, by majority vote, to adopt, or amend their charters subject to such limitations as may be prescribed by the Legislature, and the limitation is expressly stated as follows: "Providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."

Article 1165, Rev.Civ.Statutes, simply follows the provisions of the Constitution as related to home rule cities.

To meet the merits of the motion before us, the appellants specially urge that the provisions of the city charter relied upon are unconstitutional and inconsistent with the general laws of Texas.

We are cited to article 5, section 6, of the State Constitution which provides that the Courts of Civil Appeals "shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." And we are likewise cited to article 2249, Rev.Civil Statutes, as amended by Acts 1927, c. 52, § 1, Vernon's Ann.Civ.St. art. 2249, which provides for an appeal to the Court of Civil Appeals "from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount, in controversy exceeds one hundred dollars exclusive of interest and costs."

Article 5, section 8, of the Constitution, in setting forth the jurisdiction of district courts, provides for jurisdiction "of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest," and further provides, "and such other jurisdiction, original and appellate, as may be provided by law."

These provisions of the Constitution are carried forward in articles 1906 and 1909. The last statute provides that, "such court shall have general original jurisdiction over all causes of action, for which a remedy or jurisdiction is not provided by law or the constitution, and such other jurisdiction, original and appellate as may be provided by law."

The last-quoted statute is taken word for word from the latter portion of article 5, section 8, of the State Constitution.

There is no provision in the Constitution or in any statute that gives the district court appellate jurisdiction over matters arising before the Board of Equalization of any city, and we are unable to see how it can be reasonably contended that such court has original jurisdiction over the same.

It has been consistently held by our courts that the right of appeal is not an inherent right, but is one which may be granted, or limited. These grants and limitations are found in the Constitution and statutes of our state.

Every citizen in this state has the right to have a trial of every cause of action brought by him or against him in some court of competent jurisdiction.

The city charter has not attempted to deprive him of such a hearing. He is given the right to appeal to the Board of Equalization for relief from the acts of the city tax assessor in dealing with his property, and, if aggrieved by reason of the board's ruling, he is given the further right of appeal to the district court, and the judgment of such court is made final.

We do not believe that the district court can be said to have original jurisdiction of such a cause of action, and there is no provision in either the Constitution, or the state laws giving the district court appellate jurisdiction of the same. The appel-

late jurisdiction comes by reason of the will of the citizens, who have written the same into their organic law, at the ballot box.

We see nothing in the provision that makes the judgment of the district court final which conflicts with the Constitution, or the general laws of Texas.

■ The contention that the judgment appealed from is threefold, in that it awards appellee judgment for $874.03 (being the amount of excess taxes paid by him on the assessment of which he complains), and judgment holding for naught the assessment of which he made complaint, and the award of a writ of mandamus ordering the city to issue a warrant to cover such excess taxes paid by appellee, does not appeal to us as being a reason for this court to take jurisdiction of the cause.

The recovery of the excess taxes paid, and award of a writ of mandamus to compel the issuance of a city warrant to cover same are merely incidental to the suit brought to ascertain and fix the proper values on appellee's properties.

The city charter expressly provides that when the taxpayer is dissatisfied with the ruling of the Board of Equalization in fixing the values on his properties he may appeal therefrom to the district court, but if his appeal has not been finally adjudicated by December 31st of the current year, he must pay all such taxes, or his case will be dismissed, but if he pays same and, on final hearing, judgment is rendered placing a valuation on his properties lower than that fixed by the board, the amount of taxes paid on the valuation which is found to be in excess of the valuation fixed by the district court "shall be refunded to him by warrant drawn by order of the City Council, and the District Court shall compel the issuance and payment of such warrant."

The charter gives the taxpayer the rights thus enumerated. The district court has no discretion as to the right of recovery, or the amount of recovery. These are fixed by the charter and the valuation, as determined by the judgment of the district court.

There is nothing in the record to evidence the fact that the city will refuse to issue the warrant, when the judgment is found to be final, and we have no reason to believe that it will refuse to do so.

■ That portion of the judgment which orders the city to pay appellee the excess taxes that have been paid by him, and orders the city council to execute its warrant payable to appellee in the amount of such excess taxes paid, may have been improvidently entered at the time of the rendition of judgment, but it simply orders the city to do what the city charter requires done, and no injury has been done by such judgment.

It is interesting to note the general statutory provisions concerning Boards of Equalization for cities and counties, in connection with the instant suit:

Article 7212, Rev.Civ.Statutes, which provides for Boards of Equalization of counties to fix valuations on taxable properties, expressly makes their action in such case, or cases, final.

The following Supreme Court cases uphold the statute: International & G. N. R. Co. v. Smith County et al., 54 Tex. 1, and Texas & P. Ry. Co. v. Harrison County, 54 Tex. 119, 120.

Article 1054, Rev.Civ.Statutes, which deals with Boards of Equalization for cities, makes the action of the board on the fixing of values on taxable property final, "and shall not be subject to revision by said board or by any other tribunal."

In the case of City of Longview v. Citizens' Nat. Bank, Tex.Civ.App., 294 S. W. 313, in which a writ of error was refused, we find that the city charter expressly provided for an appeal from the acts and rulings of the Board of Equalization to the Board of Commissioners of the city, and no other appeal was provided for.

The court held that the failure of the taxpayer to appeal to the tribunal, provided for in the charter, precluded the taxpayer from further questioning the valuation placed on his property.

By reading the opinion of the Court of Civil Appeals, it is seen that the city of Longview was operating under a home rule charter.

If the city of Longview may lawfully provide for a Board of Appraisement and Equalization, and provide that any taxpayer dissatisfied with the decision of the board may appeal to the Board of Commissioners of the city, and provide for no other appeal, in its charter, then we see no reason why the city of Fort Worth may not, in its charter, provide for a

Board of Equalization, and an appeal from the decisions of such board to the district court, and provide that the judgment of the court to which the appeal is taken shall be final.

See, also, Early et. al. v. City of Waco, Tex.Civ.App., 3 S.W.2d 131.

■ It appears to us that, in the light of the provisions of articles 1054 and 7212, and the authorities supporting them, the right to any appeal from a Board of Equalization, for either a city or a county, on the issue of excessiveness in fixing the values on a taxpayer's properties, must of necessity be found in the provisions of a statute, or a city charter.

There is none in any state statute, and, when one is provided for in a city charter, we see no reason why it should not be held to be valid.

The case of Scottish-American Mtg. Co., Ltd. v. Board of Equalization of City of Austin, Tex.Civ.App., 45 S.W. 757, writ dismissed, is very much like the case before us.

In such case the charter of the city of Austin, Tex., came into being by reason of a special act of the state Legislature. No other provision for the making, or amending, of city charters then obtained.

Such charter expressly provided for a Board of Equalization for the city, and an appeal from the rulings of the board to the county court of Travis county (in which the city of Austin is situated), and made the judgment in such court final.

The Court of Civil Appeals for the Third Supreme Judicial District dismissed the appeal on motion of the appellee, when the mortgage company appealed from the ruling of the board on the matter of fixing the values on the appellant's properties for purposes of taxation.

■ We see no merit in the contention made in the instant suit that there is any distinction to be drawn between a charter provision of a city incorporated in a special act of the state Legislature and one incorporated in a city charter adopted at the ballot box by the citizens of a home rule city.

The Legislature has no more power, or authority, to pass a special act that is violative of the provisions of the Constitution of Texas, than the citizens of a home rule city have to adopt a charter with such inhibited provisions.

The Court of Civil Appeals, in the case cited, held that the Legislature had the authority to enact the special law creating the charter for the city of Austin and to incorporate therein the provision that an appeal from the rulings of the city's Board of Equalization could be taken to the county court of Travis county, and the judgment of such court should be final.

On the authority discussed, and for the reasons given, we hold that the provisions of the charter of the city of Fort Worth, under discussion, are valid, and, accordingly, the appeal is by us dismissed.

## On Motion to Certify.

We have this day overruled the motion for rehearing, without further comment.

■ In view of the position taken by the Supreme Court that a certificate will be dismissed when the question certified is tantamount to certifying the whole case, we feel compelled to deny the motion to certify.

There is but one controlling question in this case, just as there appeared in the case of City of Fort Worth et al. v. Burnett et al., 112 S.W.2d 702, recently handed down by the Supreme Court, on February 2, 1938, not yet published [in State Reports] and, in view of that holding, we overrule the motion to certify.