64

# W. E. MOONEY V. THE STATE.

No. 22521. Delivered May 26, 1943.

The opinion states the case.

*John J. Watts,* of Crane, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for keeping and exhibiting a slot machine for the purpose of gaming, as denounced by Art. 619, P. C.; the punishment, confinement in the penitentiary for a term of two years.

Appellant was the owner of a restaurant and beer tavern known as "Mooney's Chuck House." The building in which the business was operated was under lease by appellant from the owner.

Peace officers found in the place, while open for business, a slot machine being used for the purpose of gaming. One of the officers played the machine and won 25¢, which was automatically paid to him by the machine. After this, the officers seized and took the machine into their possession. The appellant was not present when the machine was so played. There is no testimony that he was in or about the place of business. There is testimony that, prior to the time above mentioned, others (customers of the place) had played the machine and had won. There is no testimony that the appellant was present on such occasions. There is no testimony showing who was actually in charge of the business at the time mentioned. The facts suggest that a man by the name of "Scott" was in actual charge of the business, one of the officers testifying: "Mr. Mooney was not in the place of business when he got the machine, but the place of business was open and we told Scott we came after it."

Who Scott was and his connection, if any, with the business is not disclosed by the evidence. There is no testimony indicating when the appellant was last seen in, around or about the place of business. However, one witness testified that appellant " - - - - - - was in and around that place of business some while the machine was in there, - - - - - -."

The facts do not affirmatively reflect that appellant was in the place of business at any time when it was being played or used for gaming purposes.

The appellant did not testify as a witness in his own behalf.

This conviction was obtained under the foregoing facts, which are challenged as being sufficient.

That someone was keeping and exhibiting a slot machine for the purpose of gaming is abundantly shown. While the ap-

pellant was not shown to have been actually present at the time, yet same was unnecessary in order for him to be guilty of the offense committed. This being a felony case, his guilty connection with the crime committed could be established, under the law of principals. The conclusion is reached that the facts, taken as a whole, were sufficient to authorize the jury's conclusion of guilt.

Appellant insists that, under the facts stated, he was entitled to have the jury instructed, as a matter of defense, to the effect that, if he did not know that the slot machine was being used for the purpose of gaming, or if the jury entertained a reasonable doubt as to such knowledge on his part, he would not be guilty.

The term "exhibited," as applied to this prosecution, is defined by statute (Art. 623, P. C.), as follows: "The word 'exhibited' is intended to signify the act of displaying the bank or game for the purpose of obtaining bettors."

The term "keeping" means holding the slot machine in readiness for the purpose of obtaining bettors, or for gaming. Wolz v. State., 33 Texas 331.

Under these definitions, it appears that knowledge on the part of the accused as to the purpose for which the machine is to be used, that is, gaming, is a constituent element of the offense here charged. Knowledge on the part of the accused that the machine is used for the purpose of gaming constitutes a distinguishing element between the offense here charged and that defined in Art. 630, P. C., wherein it is a violation of the law to "knowingly" permit gambling devices to remain in one's possession or upon premises owned or controlled by him.

It follows that, in the instant case, if the facts raised the issue of appellant's guilty knowledge as to the purpose for which the slot machine was alleged to be used, he was entitled to have such issue submitted to the jury.

Under the facts presented, the conclusion is reached that such issue was raised and that the charge should have been given, and that the trial court erred in failing so to do.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.