# MARCH 22, 1944

## RONALD BENTLEY V. THE STATE.

No. 22727. Delivered February 9, 1944.
Appellant's Motion for Rehearing Overruled (Without Written
Opinion) March 22, 1944.

The opinion states the case.

*Letcher D. King,* of Abilene, and *A. J. Smith, Jr.,* of Anson,
for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the unlawful possession of intoxicating liquors for the purpose of sale in a dry area, and, under the habitual offender statute, was found guilty and assessed a penalty of a $2,000.00 fine and sixty days in jail.

The testimony shows that under a search warrant, about 8 o'clock in the morning, officers searched the premises of the City Drug Store in the 900 block, on South First Street in Abilene, Taylor County, Texas, on June 8, 1943, and under the floor thereof they found 48 pints of whisky and one quart thereof. It also is shown that appellant was convicted of an offense of like character on the 5th day of April, 1943; again he was thus convicted on the 23rd day of April, 1943, and again on the 31st day of May, 1943.

Bill of exceptions No. 1 relates to the refusal of the trial court to grant a motion for a continuance herein on the ground of the absence of Reece Richey and a Mrs. Wilkerson who, it was alleged, would have sworn that on June 7, 1943, or one day prior to the search herein, appellant had sold this City Drug Store to Reece Richey, who seemed to have been his cousin, and Mrs. Wilkerson witnessed such sale contract. The complaint and information were both filed on the 10th day of June, 1943. The motion for a continuance shows that no subpoena for these two witnesses was applied for until August 13, 1943, the case being set for trial and tried on August 16, 1943.

In appellant's brief we find no mention of this bill of exceptions No. 1, and evidently it is seen that appellant failed to show diligence in thus being dilatory in applying for subpoenas for these two witnesses until two months after the filing of this cause. See Trotti v. State, 135 Texas Cr. R. 196, 113 S. W. (2d) 309.

Bills of exception Nos. 2 and 3 complain because of the failure of the affidavit for a search warrant to give a definite description of the owner of the City Drug Store. The affidavit did describe the location of such drug store as "being in the 900 block on South First Street in Abilene, Taylor County, Texas, and known as the City Drug Store with numbers 925 over the entrance door of said place, * * * and being the premises an occupied by a party or parties whose name or names and whose description or descriptions are unknown to affiants." Appellant contends that the affidavit is faulty because same fails

to give description of the person who was characterized as an unknown owner of the premises desired to be searched. The rule in such matters seems to be, relative to a search warrant, that the same "may be issued when the owner of the premises is unknown. If his name is known, it must be stated, but if unknown, and his identity known, he must be described; but when neither his name nor identity is known, he may be described as unknown." Naulls v. State, 115 Texas Cr. R. 44, 27 S. W. (2d) 180, and cases there cited. We confess our inability to see how one could describe a person when he did not know who such person was. We think the search warrant was sufficiently supported by a proper affidavit.

Bill of exceptions No. 4 complains of the trial court's failure to give to the jury the following requested charge:

"Gentlemen of the Jury: You are instructed that unless you believe beyond a reasonable doubt that the defendant, Ronald Bentley, was the owner of the City Drug Store in Abilene, Texas, and the whisky which was seized on June 8, 1943, at said City Drug Store, then you will acquit the defendant and say by your verdict 'Not Guilty'."

This requested charge was not a correct charge embodying the law on the subject. The appellant did not necessarily have to own the whisky, nor the drug store, to have been guilty of possessing same for sale in a dry area. This being a misdemeanor case, the appellant should have presented a charge correct in its terms and embodying the law on the subject, which he failed to do in this requested charge. The trial court did charge the jury relative to appellant's possession of this whisky; not, however, on the ownership thereof, nor the ownership of the City Drug Store. The statement of facts, however, shows the following relative to ownership of such drug store. The witness Parker testified:

"I know the defendant, Ronald Bentley. I know what he was supposed to do; he was supposed to be proprietor of the City Drug Store, which is in the 900 Block, on South First Street, in Abilene, Texas."

The witness Walker testified:

"I know the defendant, Ronald Bentley. I know where his place of business is. It is the City Drug Store, located on South First Street. With other officers, I searched his place on or about the 8th of June of this year."

The appellant offered no testimony of any kind, nor did he cross-examine any witness; he admitted the dry status of the locality, and the contents of the bottles produced as being whisky.

We see no error reflected in the record, and this cause is therefore affirmed.