JAMES NICHOLSON V. THE STATE.

No. 22953. Delivered November 8, 1944.
Rehearing Denied January 10, 1945.

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of personal property over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a term of three years.

The only question presented for review relates to the court's action in overruling appellant's first application for a continuance based on the absence of two witnesses, one of whom resided in the City of Austin and the other, who was the stepfather of appellant, resided in the City of Houston. The State filed a contest based on the ground that no diligence was exercised by appellant to secure the attendance of the witnesses. The evidence adduced by the State on the issue formed shows that the indictment in this case was returned against appellant on the 21st day of May, 1943; that this case and another one then pending against him were set for trial on the 25th day of October, 1943; that the other case was tried and the present case was passed; that on the 15th day of April, 1944, the court set this case for trial on the 24th day of April, at which time it was postponed until the 28th day of said month. Application for process for the absent witnesses was not made until the 19th day of April, 1944, which was approximately eleven months after the indictment had been returned and after he had been tried on some of the other indictments. Under the facts disclosed by the record the trial court was justified in overruling the application on the ground of a want of proper diligence. See May v. State, 129 Tex. Cr. R. 2; Shepherd v. State, 10 S. W. (2d) 730, (on rehearing) ; Bentley v. State, 178 S. W. (2d) 521; Holmes v. State, 136 Tex. Cr. R. 26; Kelly v. State, 17 S. W. (2d) 460; Fullbright v. State, 101 S. W. (2d) 571.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant recognizes that, upon the face of the record, he was lacking in diligence in securing process for his witnesses. He insists, however, that—under the peculiar facts here presented—a strict application of the rules of diligence should not be applied. In this connection, he calls attention to the fact that upon presentation of the motion for continuance, testimony was introduced showing that in Travis County—where there are three district courts which remain in practically continuous session—there had been established a local rule by the bench and bar governing the practice in criminal cases in said courts to the effect that no criminal case would be callable—or called—

for trial until same had been first set for trial by the trial judge and notice of that setting posted upon what is known as the "bulletin board"; that process for witnesses could not reasonably be applied for prior to a setting of the case, because of the absence of a return date; that the instant case was not set for trial until the 15th day of April, 1944, when appellant applied for, secured the issuance of, and placed in the hands of officers process for his witnesses.

While it is true that circumstances may arise whereby an accused may be relieved of a strict application of the diligence rule relative to continuance of cases, as was pointed out in Arnold v. State, 97 Tex. Cr. R. 95, 263 S. W. 278, yet such question is not here before us because the State, in controverting the motion for a continuance, introduced testimony showing that this case was not first set for trial on April 15, 1944—as contended by appellant—but to the contrary was first set for trial on October 25, 1943. Such testimony presented a disputed issue of fact for the trial judge and authorized the finding that the case was not first set for trial on April 15, 1944, as contended by appellant.

We remain convinced that the motion for continuance was properly overruled because of the lack of diligence on the part of the appellant to secure the attendance of the absent witness.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.