## COLEMAN COUNTY COUNTRY CLUB, Inc.
### v. STATE.
### No. 2850.

Court of Civil Appeals of Texas. Eastland.
Jan. 26, 1951.

Rehearing Denied Feb. 16, 1951.

Davis Scarborough, Abilene, for appellant.

Billy Allcorn, Dist. Atty., Brownwood, for appellee.

GRISSOM, Chief Justice.

Coleman County Country Club has appealed from a judgment ordering its slot machines destroyed. Appellant's points are that (1) the search warrant under which the machines were seized was invalid and, therefore, the sheriff was not authorized to seize them, and (2) that the machines should not be destroyed because they are not gaming devices. Under point one it is appellant's contention that the search warrant was invalid and, therefore, the sheriff was not authorized to seize the slot machines, because the person accused of having charge of the place to be searched was neither named nor described in the affidavit for the search warrant and the affiants, in fact, contrary to their statements in the affidavit, knew who occupied and had charge of the Club house, in that they knew who was president and caretaker of the Club.

The affidavit for the search warrant described the Club house and, with reference to the persons in charge, stated: "and being the premises occupied by, in charge of and under the control of Party or parties. whose name or names and whose description or descriptions are unknown to affiants. * * *."

The affidavit was sworn to by the sheriff and a deputy. As shown above, they swore that the Club house where the ma-

chines were seized was occupied by, in charge of and under the control of persons whose "names and—descriptions—are unknown to affiants." Where neither the name nor description of the person violating the law is known the affidavit is sufficient in that respect if it avers the premises to be searched are occupied and under the control of parties unknown. 38 Tex.Jur., 50, 51; Bentley v. State, 147 Tex.Cr.R. 95, 178 S.W.2d 521, 522; Naulls v. State, 115 Tex. Cr.R. 44, 27 S.W.2d 180, 181. Such is the substance and effect of this affidavit.

On cross examination the sheriff testified that it was his understanding before he searched the Club that Mr. Johnson was president of said Club and Mr. Wood was the caretaker and, further, that when he obtained the search warrant he intended to look for gambling devices and anything else unlawful. Appellant concludes, therefore, that the search warrant was invalid. The court found, relative to the foregoing, that the Club was a corporation; that the stock holders annually elected a president; that Mr. Johnson had been elected president a short time prior to issuance of the search warrant; that Mr. Wood was the caretaker and that he and his wife lived in a portion of the Club house; that at the time the affidavit was made the sheriff was acquainted with Mr. Johnson and it was his understanding that Mr. Johnson was president of the Club; that the sheriff was acquainted with Mr. Wood and knew that he and his wife lived on some part of the Club premises and knew that he was the caretaker, but that the sheriff did not know their duties and responsibilities and did not know that the Woods were the only people living on the Club property and "from all the facts and circumstances offered in evidence, and the fact that this was a corporation, with stockholders, directors and officers, and with a caretaker living on the premises, the Court finds that H. F. Fenton, Jr., did not know, at the time of the making of such affidavit for search warrant, who was in charge or control of the Coleman Country Club, nor who the premises were occupied by, nor the description of any such party or parties."

There is evidence to support such conclusion. However, we do not think that testimony as to the truthfulness vel non of facts stated in the affidavit for the search warrant were material or competent. In Ware v. State, 110 Tex.Cr.R. 90, 7 S.W.2d 551, 553, the court said:

"Appellant presents another proposition. He developed, on examination of one of the affiants, that, while he had sworn in the affidavit to an unequivocal existence of certain things as facts, in truth his affidavit was based upon information and rumors relative to the matter. Upon this being ascertained, appellant objected to the witness testifying to the discoveries made by virtue of the search. In other words, appellant sought upon the trial to go behind the affidavit, and, although the affidavit was sufficient upon its face to show 'probable cause' and justify the magistrate in issuing the warrant, appellant contends that, if in truth the affiants were not in possession of facts or information which amounted to 'probable cause,' evidence obtained under the search warrant should be excluded although the magistrate acted properly in issuing the warrant upon a valid affidavit. In Rozner v. State ([109] Tex.Cr.App. [127]) 3 S.W.2d 441, will be found an announcement at variance with appellant's contention, but the question was not discussed at length. From the statement found in Cornelius on Search and Seizure, § 94, pp. 295, 296, it appears that it is only where the issuing magistrate fails to draw the necessary legal conclusions from the facts stated in the affidavit that his action in issuing the warrant may be reviewed. See authorities collated under said section 94. We quote from Corpus Juris, vol. 33, p. 676:

" 'Where an affidavit, upon which a warrant was issued, contains positive averments of facts justifying the issuance of the warrant, its validity is not affected by proof aliunde that the facts therein positively stated were in reality stated upon information and belief.'

"The point is decided against appellant's contention in Bowen v. Commonwealth,

199 Ky. 400, 251 S.W. 625, in the following language:

" 'Whatever criticism might be made of an affiant who states in an affidavit as a positive fact that of which he only has information, it must be admitted that the search warrant issued upon such an affidavit is a valid search warrant and is ample protection, not only to the officer who issues it but to the officer who may execute it. . And it must likewise be admitted that, as the search warrant was valid on its face and issued upon an affidavit sufficient on its face, the evidence procured by the execution of such a valid search warrant cannot be said to be incompetent because of a subsequent attack upon the truth of the affidavit upon which it was based. At the time it was executed the paper itself and the supporting affidavit were perfectly regular, and purported to give to the officer executing it authority to make the search of appellant's premises, and the evidence thus procured may be used against him, although the affidavit states on its face as a fact that of which the affiant only had information. Any other rule would encourage unauthorized attacks upon the correctness or truth of statements contained in such affidavits, and would bring about interminable confusion and disorder in determining competency of evidence procured under search warrants valid upon their faces. Walters v. Commonwealth, 199 Ky. 182, 250 S.W. 839.'

"To the same effect is English v. Commonwealth, 200 Ky. 103, 252 S.W. 121. In State v. Shaffer, 120 Wash. 345, 207 P. 229, it is said:

" 'Some question is made with reference to the regularity of the search warrant, but there is no merit in the appellant's position in this. The warrant was issued upon the affidavit of the sheriff which stated, as the appellant says in his brief in positive terms, that intoxicating liquor was being bought, sold, manufactured, and given away at the home of the appellant. Upon the trial on cross-examination the sheriff testified that he did not know positively that there was any liquor in the house, but that does not militate against the regularity or validity of the warrant.'

"See, also People v. Czckay, 218 Mich. 660, 188 N.W. 376.

"To our minds, any other rule would not only bring about confusion and disorder in determining the competency of evidence procured under search warrants valid upon their face and predicated upon affidavits from which the magistrate could determine that 'probable cause' was shown, but in many cases the issue of defendant's guilt or innocence would be lost sight of in an inquiry whether affiants had committed perjury in making the affidavit upon which the search warrant was based, although upon its face the affidavit was sufficient and perfectly regular. In such cases it seems that orderly trials must postpone investigation of affiants' good faith to another time and tribunal. See Bird v. State [110 Tex.Cr.R. 99], 7 S.W.2d 953, * * *.

\*     \*     \*     \*     \*     \*

"An inquiry into the truth or falsity of the affidavit would be collateral and inadmissible in the present trial."

It seems to be well established that the validity of an affidavit which, on its face, complies with the law cannot be challenged by testimony showing that the affidavit did not speak the truth. Smith v. State, Md., 62 A.2d 287, 5 A.L.R.2d 394, 398. The sufficiency of facts stated in an affidavit to show probable cause is a matter primarily for the determination of the magistrate. He must pass upon the truth of the facts alleged when he issues the warrant. The fact that the magistrate issued the warrant evidences his belief in the truth of the facts stated. Whether there was probable cause for issuance of the warrant is to be determined from the face of the affidavit and not from evidence aliunde. 38 Tex. Jur., 46.

We overrule appellant's contention that the search warrant was invalid and, therefore, the officers were not authorized to seize the machines.

Appellant's second point is that the court erred in decreeing that the slot machines should be destroyed. This point

seems to be based, in part, upon appellant's conclusion that the search warrant was invalid which, if correct, would have had the effect of preventing consideration of the testimony of the officers, as to facts discovered by them by virtue of the search warrant. We have held the warrant was not invalid. However, appellant makes the further contention that because the slot machines were played by members of the club only they are not gaming devices. The court found that if the testimony of the sheriff and deputy were excluded there was other testimony showing the slot machines were gaming devices and that they had been exhibited by the Club for the purpose of gaming. The evidence shows that the officers found the slot machines in what is described as a "cloak" room near the main entrance to the Club; that the door was locked but the wife of the caretaker gave the sheriff a key to the "cloak" room. On one side of the room was a table on which were three slot machines, which required 25 cents, 10 cents and 5 cents, respectively, to play. This table was mounted on rollers. They were ordinary slot machines, the playing of which was restricted to the members of the Club. The machines were placed in the Club by its directors for the purpose of inducing members to play and the money derived therefrom was used for the benefit of the Club to prevent the raising of the members' dues. All of the machines were played. They were regulated to pay off in certain sequences which involved an element of chance. The evidence justifies the conclusion that the slot machines were gaming devices exhibited by the Club. We think it is not controlling that at the time they were seized they were not then being played and were in a "cloak" room about 6 feet wide and 12 feet long. Callison v. State, Tex.Civ.App., 146 S.W.2d 468; San Angelo Country Club v. State, Tex.Civ.App., 210 S.W.2d 855, 857; Hightower v. State, Tex.Civ.App., 156 S.W.2d 327 (Writ Ref.); Wolz v. State, 33 Tex. 331; Mooney v. State, 146 Tex.Cr.R. 64, 171 S.W.2d 494, 495. All of appellant's points have been considered and are overruled.

The judgment is affirmed.