**Nick Alfred AGUILAR**

v.

**The STATE OF TEXAS.**

**Civ. A. No. 71–H–1279.**

United States District Court,
S. D. Texas,
Houston Division.

April 14, 1972.

Nick Alfred Aguilar, pro se.

W. Barton Bowling, Asst. Atty. Gen., Austin, Tex., for respondent.

*Memorandum and Order:*

SINGLETON, District Judge.

Petitioner Aguilar has sought relief under 28 U.S.C. § 2254 from his March 28, 1968, narcotics conviction which sentenced him to thirty years in the Texas Department of Corrections. Aguilar specifically complains that the affidavit was invalid which was used by the Houston police officers in obtaining the search warrant which lead to the officers entering Aguilar's house and finding Aguilar flushing a yellow balloon containing .48 grams of heroin down the commode.

Petitioner alleges that the officers falsely swore to the affidavit because only one officer received the phone call from the informer. However, after receiving the informer's call both officers conducted a surveillance and noted four persons that both officers knew to be narcotics users enter the house for short periods of time. On the basis of this information and surveillance the officers went to a Justice of the Peace and swore an affidavit reading in part:

"On the 23rd day of February, 1965, affiants received reliable information from a credible person that heroin was being possessed by Nick Aguilar, at 7216 Gonzales Street, Houston, Harris County, Texas. Although I do not desire to name this person, on about four prior occasions he has given information to me concerning narcotics being possessed by certain individuals and on every occasion his information has proven to be true. Based upon the information he gave me, affiants on the afternoon of the 23rd day of February, 1965, set up

surveillance of the house located at 7216 Gonzales Street, and from approximately 12:00 PM to 2:00 PM of that day we observed several persons whom we know to be users of narcotics enter the house, remain for approximately five minutes each and then leave."

A search warrant was then issued.

■ At the trial the issue of the validity of the search warrant was thoroughly reviewed by both the State and the defense on voir dire of the officers. On page 65 of the trial transcript, Officer Farrar clearly states that he alone received the telephone call from the informer. The sworn affidavit states:

"affiants received reliable information from a credible person . . .. *I* do not desire to name this person . . .." (Emphasis added.)

The grammar used in the affidavit could by a stretched reading be interpreted to mean that both officers received the phone call. However, the affidavit never recites the word phone call nor specifically states that both officers personally heard the information from the informer himself. It is clear from the state transcript that both officers did in a sense "receive" information, one from the informer and one from Officer Farrar. Without doubt the grammar of the affidavit could have been more explicit. That one officer signed the affidavit who did not receive the phone call may in another day of more exacting language requirements be called perjury is not the concern of this court. It is not controlling as to the validity of the warrant itself. In footnote 1 of Aguilar v. Texas, 378 U.S. 108, 109, 84 S.Ct. 1509, 1511, 12 L.Ed.2d 723 (1964), the Supreme Court stated:

"1. The record does not reveal, nor is it claimed, that any other information was brought to the attention of the Justice of the Peace. It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention.

Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed. 2d 1503, 1509; 79 C.J.S. Searches and Seizures § 74, p. 872 (collecting cases)."

Indeed, Texas procedure would be to refuse an inquiry into the impeachment of the affidavit. Piper v. State, 116 Tex.Cr.R. 378, 34 S.W.2d 283 (1931); Harkey v. State, 142 Tex.Cr.R. 32, 150 S.W.2d 808 (1941).

The necessity of going behind the affidavit for a federal search warrant is undecided.

"In Rugendorf v. United States, 376 U.S. 528 [84 S.Ct. 825, 11 L.Ed.2d 887] (1964), a case involving a federal warrant, the Supreme Court declined to pass on the question of whether a court may permit such an inquiry when the warrant is valid on its face and the underlying affidavit establishes probable cause. The lower federal authority on the subject is conflicting. See United States v. Bowling, 351 F.2d 236 (6th Cir. 1965) certiorari denied 383 U.S. 908 [86 S. Ct. 888, 15 L.Ed.2d 663], and cases cited at note 2, 351 F.2d at 242; Kenney v. United States, [81 U.S.App.D. C. 259] 157 F.2d 442 (D.C.Cir.1946); United States v. Brunett, 153 F.2d 219 (W.D.Mo.1931); United States v. Roth, 391 F.2d 507 (7th Cir. 1967); King v. United States, 282 F.2d 398 (4th Cir. 1960); United States v. Halsey, 257 F.Supp. 1002 (S.D.N.Y.1966)." Cited in Hernandez v. Beto, C.A. 69–H–1231, Sept. 18, 1970, an unreported opinion of Judge James Noel for the Southern District of Texas.

■ Under the standards of Aguilar v. Texas, *supra*, and Giordenello v. United States, *supra*, there was more than sufficient probable cause to issue the search warrant. Accordingly, petitioner's writ as to this allegation is denied.

■ Having thoroughly reviewed the extended state court record which covered, in depth, this issue, this court under the authority of the philosophy of Giles v. Alabama, 384 F.2d 383 (5th Cir.

1967) does not find it necessary to expend both attorney and judicial time in rehearing what has been fairly and completely heard in the state court.

 Petitioner also seeks relief in his petition for the failure of the Texas trial court to grant him an evidentiary hearing on his state habeas corpus petition under the guidelines of 11.07 Vernon's Ann. Texas Code of Criminal Procedure. The Texas courts have long held that a hearing is not necessary under 11.07. Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967). Accordingly, this part of petitioner's writ does not raise a substantial federal question and, therefore, the writ is hereby denied.

This is a final judgment.